## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

**KIMBERLY JOHNSON,**

     Plaintiff,

v.

**Case No.**
**JURY TRIAL DEMANDED**

**DENIS MCDONOUGH,**
**SECRETARY OF VETERANS AFFAIRS;**
**DEPARTMENT OF VETERANS AFFAIRS,**

     Defendant.

## PLAINTIFF'S COMPLAINT

1.    Plaintiff, KIMBERLY JOHNSON, through the undersigned counsel, hereby submits her Complaint.

## NATURE OF THE ACTION

2.    Plaintiff, KIMBERLY JOHNSON, brings this action against Defendant, Denis McDonough, Secretary of Veterans Affairs for Defendant's unlawful discrimination and harassment against Plaintiff in her employment because of race and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII) and the Tennessee Human Rights Act, T.C.A. § 4-21-101. Plaintiff demands a jury trial as to all issues of fact raised by the pleadings.

3.    This action seeks equitable relief, back pay, front pay, compensatory damages, attorney fees, court costs, and any other fees associated with the prosecution of this claim for the unlawful discrimination suffered by Plaintiff.

1

## JURISDICTION AND VENUE

4.      Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343.  Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983, and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under the Tennessee Human Rights Act, T.C.A. § 4-21-101, *et seq.*, and Tennessee law.

## PARTIES

5.      Plaintiff, KIMBERLY JOHNSON, resides at 3167 Central Parkway, Southaven, Mississippi 38672.

6.      Defendant, Denis McDonough, Secretary of Veterans Affairs is an agent of a federal agency, the Department of Veterans Affairs.  Defendant employed Plaintiff at its Memphis VA Medical Center located at 1030 Jefferson Avenue, Memphis, Tennessee 38103.

## ADMINISTRATIVE PROCEDURES

7.      On January 4, 2016, Plaintiff filed a formal EEO Complaint alleging violations of Title VII.

8.      On August 29, 2021, Plaintiff received a Final Agency Decision/Right to Sue Notice from the Department of Veterans Affairs Office of Employment Discrimination Complaint Adjudication.

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

## DISPARATE TREATMENT; HOSTILE WORK ENVIRONMENT; RETALIATION

10.      Since at least July OF 2015, Defendant has engaged in unlawful employment practices in violation of Title VII and the Tennessee Human Rights Act.

11.     The unlawful employment practices include the retaliatory termination of Plaintiff's employment, certain discrete acts of discrimination, and harassment.

12.     Defendant hired Plaintiff as a registered nurse on or around August of 2014.  Plaintiff  is an African-American female.

13.     Prior to her internal complaints, Plaintiff maintained a positive employment record.

14.     On July 28, 2015, CW1 was confrontational, unprofessional and threatening towards Complainant when she said to Complainant, "No, that's okay I do not want you to change my patient;"

15.      On July 28, 2015, Complainant was told to drop her request for an investigation or be terminated;

16.     In July 2015 or August 2015, Complainant was questioned without union representation;

17.     In August 2015, Associate Director, Patient Care S1 refused to investigate Complainant's July 2015 letter alleging multiple sexual and racial harassment incidents at the Memphis VA Medical Center;

18.     In August 2015, after Complainant filed a hostile work environment, she was transferred to another location;

19.      On September 15, 2015 Registered Nurse (RN) CW2 called Complainant a "Ni**er;"

20.     On October 1, 2015, Associate Director, Patient Care S1 sent an email to Complainant stating Complainant used a poor care plan for a patient;

21.     On October 30, 2015, Resident Physician-Surgery spoke to her (Complainant) in a disrespectful and hostile manner when she called him and asked complainant, "Do you have to keep calling me? Why don't you call my attending Physician?"

22.     In November 2015 Complainant was written up regarding her phone etiquette;

23.    In December 2015 S1 denied Complainant's request to move to a different location within the Bed Tower;

24.    On March 3, 2016, Complainant was issued a proposed termination letter;

25.    In a conflict of interest, Chief Nurse Ambulatory Care Service was assigned as a member to the review board voting on Complainant's termination; although, Complainant had reported one of the Chief's nurse managers for unsafe practice and retaliation;

26.    On May 2, 2016, Nurse Manager S2 issued Complainant a negative evaluation for the period of September 2015 to April 2016;

27.    On May 18, 2016, Acting Director S4 failed to respond to Complainant's concerns that the Chief Nurse Ambulatory Care Service and two Nurse Managers were allowed to sit on the Nurse Professional Standards Board (NPSB) determining her removal; and

28.    On August 3, 2016, Complainant received a letter stating that effective August 5, 2016, she was being separated from her position during probation

29.    Defendant's conduct as referenced in the proceeding paragraphs constitutes a prima facie case of both discrimination and harassment/hostile work environment based on retaliation in violation of the Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-30.    Said conduct was undertaken with malice and/or reckless indifference for the rights of Plaintiff.

31.    Plaintiff further alleges that Defendant's reasons for termination are merely pretext for retaliation.

32.    Plaintiff has suffered mental and emotional injury, career damage, and loss of reputation as a direct and proximate result of Defendant's unlawful discrimination for retaliatory reasons.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands the following:

1. Judgment against Defendant in the amount of three-hundred thousand dollars ($300,000.00) in actual and compensatory damages;

2. Equitable relief;

3. Back pay and/or Front pay;

4. Reasonable attorney fees, court costs, pre-judgment interest, post judgment interest, and any other fees associated with the prosecution of this claim for the unlawful discrimination suffered by Plaintiff;

5. Judgment for any and all other pecuniary losses proximately caused by Defendant's unlawful conduct;

6. Punitive damages against Defendant in the amount of one million dollars ($1,000,000.00) or a punitive amount to be determined by the jury if the jury finds the Defendant engaged in intentional, malicious, and reckless acts of discrimination without regard to Plaintiff's professional character, integrity, and documented skill set;

7. Such further relief as is deemed just and proper and appropriate.

RESPECTFULLY SUBMITTED, this the 29th day of November 2021,


Christian West-Coleman (#036317)
2206 Union Avenue
Memphis, TN 38104
Phone: (901) 795-0050
Fax: (901) 328-5153
cwestcesq@gmail.com

**ATTORNEY FOR PLAINTIFF (LIMITED APPEARANCE)
KIMBERLY JOHNSON**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 29, 2021, I served the foregoing document via US Mail

postage prepaid  upon the following:


Office of General Counsel
Dept. of Veterans Affairs
810 Vermont Avenue
N.W. Washington, DC 20420